FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2005 JUN 15 PM 12: 09
CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| VINICIO RAMOS, | ) |
| Petitioner, | ) |
| v. | ) Case No. CV 304-93 |
| MICHAEL PUGH, Warden, | ) |
| Respondent. | ) |

## ORDER

Before the Court is Magistrate Judge Barfield's Report and Recommendation to Petitioner's section 2241 motion, and Petitioner's objections thereto. The Court, after a careful *de novo* review of the record and relevant law, **ADOPTS** the Report and Recommendation in its entirety. It also addresses Petitioner's objections to the extent they were not considered by the Magistrate Judge.

Petitioner attempts to argue that the mandatory functional literacy program of 18 U.S.C. § 3624(f) is not applicable to him. He specifically claims that the program is not applicable to (1) inmates who are not mentally capable, and (2) inmates who are in a private prison. The Court finds this argument is **MOOT**, as it has already been established that Petitioner is exempt from mandatory participation in the literacy program. To the extent that Petitioner is arguing that his exemption should affect the calculation of his Good Conduct

Time, the Court notes that this argument was addressed by the Magistrate Judge. The Magistrate Judge wrote:

> In interpreting § 3624, the Bureau has decided to exempt certain inmates like Petitioner from mandatory participation in the ESL program, but nevertheless to take away 12 days of GCT per year from inmates who choose not to make "satisfactory progress" towards obtaining a GED (of which obtaining eighth grade-level English proficiency is a first step), regardless of their exempt status. (Doc.12, pp. 7-8.)

Petitioner also argues that the delegation to private prison officials of the responsibility of awarding Good Conduct Time is unconstitutional. The Court finds this argument is without merit. While the Bureau of Prisons, under the direction of the Attorney General, is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States," see 18 U.S.C. § 4042(a)(3), the Attorney General is also permitted to contract out the care of prisoners to private facilities. See 18 U.S.C. § 4013(a)(3).

Further, this Court finds that the issue of unlawful delegation is **MOOT** in this case. "It is well-established that federal agencies may not delegate their statutory authorities to private parties." Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003). However, "[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority." Id. Here, there is evidence that the Bureau of Prisons determined the calculation of Petitioner's Good Conduct Time was proper. Specifically,

Petitioner's calculation of Good Conduct Time was reviewed by the Bureau of Prisons. See Doc. 2, p. 20 (Michael Janus, Administrator of Privatization Management Branch stated: "Based on my review, I find you have received all authorized good conduct time credit and there is no basis for granting the requested relief.").

This Court also notes case law stating that such late-filed arguments are waived. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir.1988) (holding that "an unsuccessful party is not entitled as of right to de novo review ... of an argument never seasonably raised before the magistrate"); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir.1987) (holding that issues raised for the first time in objections to magistrate's recommendation were waived); see also Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir.1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992), cert. denied, 507 U.S. 978, 113 S. Ct. 1429, 122 L. Ed. 2d 797 (1993).

Accordingly, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgment is **ENTERED** in favor of Respondent.

Dated: June 14, 2005

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

# United States District Court
## Southern District of Georgia

VINICIO RAMOS )

vs ) CASE NUMBER CV 304-93

MICHAEL PUGH, Warden )
 ) DIVISION DUBLIN

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated June 15, 2005, which is part of the official record of this case.

Date of Mailing: June 15, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Vinicio Ramos, REG#20657-069, McRae Correctional Facility, 1000 Jim Hammock Dr., McRae, GA 31055
Amy Lee Copeland, Esq.

☐ Copy placed in Minutes
☒ Copy given to Judge
☐ Copy given to Magistrate